**DYLAN P. JENSEN**, OSB #206465
E-mail: dylan@bennetthartman.com
**BENNETT HARTMAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEALTH AND WELFARE PLAN AND TRUST OF NORTHWEST FOREST PRODUCTS ASSOCIATION WOODWORKERS DISTRICT LODGE 1, IAM, AFL-CIO (Otherwise known as "The Nelson Trust"),<br><br>Plaintiff,<br><br>vs.<br><br>KOPPERS INC., a Pennsylvania Corporation,<br><br>Defendant. | Civil No. _____<br><br>COMPLAINT<br><br>(ERISA Action for Delinquent Contributions) |

**PARTIES**

1.     At all material times hereto, plaintiff Health and Welfare Plan and Trust of Northwest Forest Products Association Woodworkers District Lodge 1, IAM, AFL-CIO ("The Nelson Trust") is an employee benefit plan within the meaning of 29 USC § 1002, et. seq. of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Nelson Trust is

Page 1    COMPLAINT

administered by a Board of Trustees composed of equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

2. At all times material hereto, BeneSys, Inc. is the Third-Party Administrator and Collection Agent for the Nelson Trust, with its principal office and place of business in Multnomah County, Oregon.

3. At all times material hereto, Local Lodge No. W77 of the International Associations of Machinists and Aerospace Workers ("Local W77") is a labor organization representing employees of the defendant.

4. At all material times hereto, defendant Koppers, Inc. ("Koppers" or "Employer") was and is a Pennsylvania corporation that does business in the State of Oregon.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the Claim for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145.

6. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USC § 1132.

7. At all material times to this proceeding, defendant Koppers was bound by written collective bargaining agreements ("CBAs") with Local W77.

8. Plaintiff's Third-Party Administrator and Collection Agent, BeneSys, maintains its principal office, within the meaning of 29 USC § 1132(e)(2), in the County of Multnomah in the Portland Division, of the District of Oregon.

9. By virtue of the provisions in the CBAs, Koppers agreed to be bound to the terms of the Trust Agreement and plan regulations and procedures, and acknowledged, accepted, and agreed to the collection authority of the Board of Trustees and the Third-Party Administrator/Collection Agent appointed by the Trustees.

## CLAIM FOR RELIEF

### ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA

10. Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 9 of this complaint as if set forth in full.

11. Under the terms of the CBAs, Koppers agreed to report labor performed by its employees and pay all employee benefit contributions required under the CBAs and applicable trust documents.

12. Under the CBAs, Koppers agreed specifically:

   a. To file employee benefit contribution reports for each period of covered employment; and

   b. To pay employee benefit contributions and amounts owing by the twentieth (20th) day of the month following each applicable period.

13. Under the Trust Agreement, Koppers agreed further:

   a. To pay liquidated damages delinquency charges in the amount of 20% of the amount of the arrearages;

   b. To pay interest at the rates specified in the applicable CBAs, from the date contributions were due, until paid;

   e. To pay reasonable attorney fees and costs for all collection efforts; and

   f. To pay audit fees.

14. An audit of Koppers' payroll records revealed that Koppers failed to file complete reports and fund all contributions for the period of January 2012 through March 2018.

15. The employee benefit contributions due to the Nelson Trust from Koppers are in the amount of $163,431.00.

16. Despite demand Koppers has refused and failed to pay the contributions stated in paragraph 14 above.

17. Based upon the unpaid contributions owing to the Nelson Trust under the CBAs and Trust Agreement, now due and owing from Koppers are liquidated damages delinquency charges to which plaintiff is entitled under the Agreements and 29 USC § 1132(g)(2) in the sum of $32,686.19.

18. Based upon the unpaid contributions owing to the Nelson Trust under the CBAs and Trust Agreement, now due and owing from Koppers is interest on the unpaid contributions, which is calculated to be $67,863.45 through January 1, 2023.

19. Pursuant to the terms of the of the Trust Agreement, now due and owing the Nelson Trust from Koppers are audit fees in the amount of $13,712.75.

20. Based upon the unpaid contributions owing to the Nelson Trust under the CBAs and Trust Agreement, now due and owing from Koppers are reasonable attorney fees and costs to which plaintiff is entitled under the Agreements and 29 USC § 1132(g)(2).

WHEREFORE, plaintiffs pray for judgment against Koppers, Inc. as follows:

1. For unpaid contributions in the sum of $163,431.00;

2. For liquidated damages in the sum of $32,686.19;

3. For interest on the outstanding amounts due from the dates due until paid at the rates set in the Agreements, which is calculated to be 67,863.45 through 1/1/23.

4. For audit fees in the amount of 13,712.75;

5.  For plaintiff's reasonable attorney fees and costs and disbursements incurred; and

6.  For such other relief as the court deems just and proper.

DATED this 30th day of December 2022.

BENNETT HARTMAN, LLP

/s/ Dylan Jensen
Dylan P. Jensen, OSB No. 206465
Telephone: 503-227-4600
E-Mail: dylan@bennetthartman.com
Attorney Plaintiff

Page 5    COMPLAINT